*Frank W. Volk*
Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

| | |
|---|---|
| IN RE:<br><br>KEVIN SCOTT O'BRIEN,<br><br>          Debtor. | CASE NO. 5:06-bk-50018<br><br>CHAPTER 7<br><br><br>JUDGE FRANK W. VOLK |
| H. LYNDEN GRAHAM JR., Trustee,<br><br>          Plaintiff,<br>v.<br><br>SHARON L. HANSON, individual, being sole beneficiary of the estate of Walter Hanson,<br>WALTER D. HANSON, as co-executor of the estate of Walter Hanson,<br>CHRIS A. HANSON, as co-executor of the estate of Walter Hanson<br><br>          Defendants. | ADVERSARY PROCEEDING NO.<br>5:08-ap-05011 |

## MEMORANDUM OPINION AND ORDER

Pending is the motion for summary judgment [Doc. 56] filed by Janet Smith Holbrook, in her capacity as the successor Chapter 7 Trustee to H. Lynden Graham, Jr., and the Defendants', Sharon L. Hanson, Walter D. Hanson, and Chris A. Hanson, motion to dismiss or, in the alternative, for summary judgment [Doc. 65].

Respecting the motion to dismiss, the Hansons contend this case is susceptible to a peremptory dismissal for failure to prosecute. The analysis is controlled by Federal Rule of Civil Procedure 41(b), with insight gained from the following factors:

> When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 388 (S.D.W. Va. 2003); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Our court of appeals has observed that "[b]ecause dismissal is such a harsh sanction, . . . it 'should be resorted to only in extreme cases'." *Vosburgh*, 217 F.R.D. at 388 (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir.1976) (internal quotation marks omitted)). Additionally, the four factors depend heavily upon "the circumstances of each case . . . ." (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989).

In view of the parties' intense factual disagreement respecting even the most minute details and circumstances giving rise to the age of this matter, and the degree to which it was prosecuted timely, a Rule 41(b) dismissal is inappropriate. The Court, accordingly, **ORDERS** that the motion to dismiss be, and hereby is, **DENIED WITHOUT PREJUDICE**.

Respecting the cross motions for summary judgment, genuine issues of material fact, and unresolved matters of credibility, abound. The Court notes, by example, the statement found in the final brief submitted on the pending matters, which provides as follows: "The Affidavit of Kevin Scott O'Brien is *Contrary to the Greater Weight of Evidence*." (Resp. to Surrep. at 2 (emphasis added) (stating also "Debtor is a felon convicted of fraud relating to the events which led to Debtor's bankruptcy petition and ultimately the events surrounding this adversary proceeding. Accordingly, Debtor's statement is unreliable at best.")).

It is not a function of the summary judgment device to permit either the weighing evidence or the resolution of credibility matters. *See*, *e.g.*, *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) ("Summary judgment is appropriate when 'there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law.'") (quoting *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014) (citation and internal quotation marks omitted); *id.* (stating as well "[W]e must not weigh evidence or make credibility determinations.) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007).

The types of repetitive and conflicting factual contentions found in the parties' many briefs must necessarily be resolved at trial. The Court, accordingly, **ORDERS** that the cross motions for summary judgment be, and hereby are, **DENIED**.

Respecting the additional, necessary case events in this matter, it is further **ORDERED** as follows, with all proceedings except for trial to be held in Charleston:

| Deadline | Date |
|---|---|
| Settlement meeting or mediation | 01/13/2017 |
| Proposed pretrial order to Defendants from Plaintiff | 01/20/2017 |
| Integrated pretrial order to the Court | 01/27/2017 |
| Pretrial conference | 02/08/2017 2:30 PM |
| Proposed findings of fact and conclusions of law | 02/10/2017 |
| Final settlement conference | 02/27/2017 10:00 AM |
| Trial | 02/28/2017  9:30 AM |

In view of the age of the case, the Court would not expect to modify the aforementioned schedule except for the most exceptional of circumstances.